In the Matter of HATTEN TRUCK & TRACTOR, INC., Debtor.

Merle V. HUNTER and Fern W. Hunter, Claimants,

v.

HATTEN TRUCK & TRACTOR, INC., Respondent.

Bankruptcy No. 85–04314–SJ–11.

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

May 30, 1986.

Robert B. Miner, St. Joseph, Mo., for claimants.

Mark G. Stingley, Utz, Litvak, Thackery & Taylor, St. Joseph, Mo., for respondent.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL ORDER DENYING DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIMANTS' CLAIM AND ACCORDINGLY ALLOWING CLAIMANTS' CLAIM

DENNIS J. STEWART, Chief Judge.

The matter of the debtor corporation's objection to the claim of the claimants for rental of certain office equipment[1] came on before the bankruptcy court for hearing on April 30, 1986, whereupon the claimants appeared by counsel, Robert B. Miner, Esquire, and the debtor corporation appeared by counsel, Mark G. Stingley, Esquire. The evidence which was then introduced demonstrated that the chattels in question are currently in the possession of the debt-

---

**20.** *See supra* notes 15 and 16.

1. Described in the lease agreement of January 24, 1977, as "[a]ll of the shop equipment, tools, parts bins, and office equipment ..."

or corporation; that, according to the testimonial protestations of the debtor's chief executive officer, they are not being used by the corporation, with the exception of one safe; that the lease of the chattels was made by and between the claimants and another corporation, Hatten Motors, Inc., which has the same shareholders (the witness Gary Hatten and his wife and his mother and father) and which is no longer doing business; that the debtor corporation has paid some of the lease payments since the equipment was transferred from the possession of the other corporation to the debtor corporation, but the witness Drexel Hatten states that he considered the payments as being made on account of the other corporation; and that, at the time of the hearing, the chattels were still in the custody of the debtor corporation.

### Conclusions of Law

On the basis of these facts, the debtor corporation contends that it is not liable on a lease agreement to which it was not signatory and which, in fact, was entered into between other parties. But the evidence shows that the lessee corporation was one which was controlled by the same principals as control the debtor corporation; that the debtor corporation survived the other corporation; that the debtor corporation took over physical custody of the leased property from the other corporation; that it has used some of the property; and that it has made lease payments on the property. This set of circumstances seems clearly to this court to imply an assumption of the existing lease by the debtor corporation. "[I]n consolidating, merging, or reorganizing corporations, the new or resulting corporation may b[y] agreement assume liability upon the debts of the predecessor corporation. Such an agreement may be express or raised by reasonable implication. Whether, in a particular case, there is an assumption of liabilities is a matter of construction for the court under all the circumstances of the case." 19 Am.Jur.2d *Corporations* § 2709, p. 519 (2d ed. 1986). Thus, the taking over of another corporation's assets, as in the case at bar, may be found to involve an assumption of obligations of the corporation "as a matter of fair import and natural intention between the parties in the absence of evidence to the contrary." *Id.* at n. 29. See also *Diamond A Cattle Co. v. Tschirgi*, 181 F.2d 991, 994 (8th Cir.1950), to the following effect: "There was no direct proof of an open agreement to assume, and on the other hand there was nothing in … [the defendant's] own testimony or in his other evidence to show that such an assumption had not been made. In any event, the absence of direct proof that an assumption exists does not preclude a finding that such an assumption has been made where the fact is a clear implication from all the circumstances." In this case, there is really no evidence that the debtor corporation has treated the lease in any way except as assumed by it. In addition to the facts found above, it must be observed that the debtor corporation has not returned the leased property to the claimants or otherwise offered return. And the agreement which is here enforced "is an original undertaking and is not within the requirement of the statute of frauds that an agreement to answer for the debts of another shall be in writing." 19 Am.Jur.2d n. 27, *Corporations, supra.* Accordingly, it is hereby

ORDERED that debtor's objection to claimants' claim be, and it is hereby, denied and the claimants' claim is accordingly hereby allowed.