**BIRD HILL FARMS, INC., Appellee,**

v.

**The UNITED STATES CARGO & COURIER SERVICE, INC., Appellant,**

v.

**Courier Unlimited, Inc., Appellee.**

**Appeal of: The United States Cargo & Courier Service, Inc., Appellant.**

Superior Court of Pennsylvania.

Argued June 10, 2003.

Filed March 16, 2004.

Delano M. Lantz, Harrisburg, for appellant.

Daniel S. Coval, Ardmore, for Courier Unlimited, appellee.

Stanley J.A. Laskowski, Harrisburg, for Bird Hill Farms, Inc., appellee.

BEFORE: MUSMANNO, BOWES and POPOVICH, JJ.

OPINION BY BOWES, J.:

¶ 1 United States Cargo & Courier Service, Inc. ("Appellant") appeals from the orders granting summary judgment in favor of Appellees, Bird Hill Farms, Inc. ("Bird Hill") and Courier Unlimited, Inc. ("Courier"). We affirm.

¶ 2 The following facts are relevant. Bird Hill owns commercial property located at 4250 Chambers Hill Road, Harrisburg, Pennsylvania. On March 1, 1995, Bird Hill leased the building to Courier for thirty-six months at a monthly rental of $3,600. The lease required Courier to obtain written consent before assigning its contractual rights. On June 23, 1995, Courier executed an asset purchase agreement with Appellant and ceased operations shortly thereafter. Under the terms of the purchase agreement, Courier agreed to obtain Bird Hill's consent to assign its rights and obligations under the lease. Further, the terms of the assigned lease were subject to Appellant's negotiations and approval.

¶ 3 Appellant and Bird Hill were not able to negotiate acceptable lease terms, and Courier failed to obtain Bird Hill's written consent for assignment. During the negotiations, Appellant paid the monthly rent and utility obligations. However, in May 1996, Appellant abandoned the site without notice and moved its operations. The building remained unoccupied until a new tenant took possession in December 1996.

¶ 4 On October 4, 1996, Bird Hill filed a landlord-tenant complaint seeking accelerated rent, repairs, and maintenance totaling $75,600 against Appellant. In response, Appellant filed an answer and new matter claiming that it was not bound by the lease between Courier and Bird Hill and that it vacated the building due to its poor condition and Appellant's inability to negotiate acceptable lease terms. Appellant also filed a joinder complaint against Courier, to which Courier filed an answer and new matter.

¶ 5 On June 13, 1997, Bird Hill moved for summary judgment. After the parties submitted briefs, a three-judge panel of the common pleas court determined that Appellant implicitly assumed the lease as a matter of law under the principles of corporate successor liability, *see Dawejko v. Jorgensen Steel Co.*, 290 Pa.Super. 15, 434 A.2d 106 (1981), and on April 30, 1998, it granted judgment in favor of Bird Hill and against Appellant for breach of contract.

The trial court did not address damages. After Appellant filed a motion for reconsideration, the trial court vacated the order temporarily; ultimately, however, it denied the motion for reconsideration and reinstated the April 30, 1998 order. To facilitate a final judgment, Bird Hill and Appellant stipulated that Bird Hill incurred damages totaling $63,371.81.

¶ 6 Appellant filed an appeal to this Court, which we quashed since the action remained pending against Courier.[1] After additional discovery, Courier filed a motion for summary judgment that the trial court granted without opinion on September 4, 2002. This appeal followed. Once an appeal is filed from a final order, all prior interlocutory orders are subject to review. *K.H. v. J.R.*, 573 Pa. 481, 826 A.2d 863 (2003). We therefore review the trial court's April 30, 1998 order granting summary judgment in favor of Bird Hill and the September 4, 2002 grant of summary judgment in favor of Courier.

¶ 7 Pursuant to Pa.R.A.P 1925(b), Appellant filed a concise statement of matters complained of on appeal asserting that the trial court erred in holding that (1) there were no outstanding questions of fact and granting summary judgment in favor of Bird Hill when only preliminary discovery had been conducted; (2) Appellant's actions created an implied assumption of the lease when factual issues existed concerning Appellant's willingness to assume the lease; and (3) Courier was entitled to summary judgment. The trial court addressed these contentions in an opinion supporting its orders granting summary judgment in favor of Bird Hill and Courier.

¶ 8 Our scope and standard of review are as follows:

This court's scope of review is plenary when reviewing the propriety of a trial court's entry of summary judgment. Summary judgment is appropriate where there is no genuine issue of any essential fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2(1). In considering the motion, the trial court must examine the record in the light most favorable to the non-moving party, resolving all doubts against the moving party, who bears the burden of proving there is no genuine issue of material fact. An appellate court will reverse an order granting summary judgment only where there has been an error of law or clear abuse of discretion.

*Vitow v. Robinson*, 823 A.2d 973, 976 (Pa.Super.2003) (citation omitted). Therefore, absent a manifest abuse of discretion or an error of law, we will uphold the trial court's determination.

¶ 9 We disagree with Appellant's primary contention that a genuine issue of material fact existed concerning Appellant's implicit assumption of the lease. Throughout its argument, Appellant attempts to characterize the underlying legal issue concerning the implied assumption of liability as a material dispute of fact. Whether Appellant implicitly assumed the lease is a question of law, albeit one that is dependent on the facts relating to Appellant's conduct. However, where, as here, the relevant facts are **undisputed**, there are no credibility questions for a fact-finder to resolve at trial. Appellant's position confuses the legal dispute with the uncontested facts of the case. Consequently, Appellant continually ignores that the relevant facts are not challenged and that this

1. *Bird Hill Farms, Inc. v. U.S. Cargo & Courier Service, Inc.*, No. 1692 MDA 2001 (Pa.Super. February 5, 2002) *(per curiam).*

action is a proper candidate for summary judgment.

¶ 10 The trial court reached its determination on the basis of the undisputed facts regarding Appellant's conduct, which we recite as follows. After executing the purchase agreement with Courier, Appellant occupied the premises for eleven consecutive months performing the same operations as Courier. Appellant paid the monthly rent in a timely manner, and it paid the utilities in its own name rather than leaving the accounts in its predecessor's name. Moreover, Appellant maintained the property and installed fire extinguishers as required under the terms of lease. The trial court determined that Appellant's actions constituted an implied assumption of the lease, and therefore, Appellant was liable for Courier's obligations under the lease. *See Dawejko, supra* (generally, successor company does not acquire liabilities of transferor corporation unless, *inter alia,* successor expressly or implicitly agrees to assume obligations). As there was no genuine issue of material fact, this matter was ripe for summary judgment.[2]

¶ 11 Having confirmed the absence of a factual dispute, we now address Appellant's argument challenging the soundness of the trial court's legal conclusion. In this regard, Appellant levels the claim that the trial court misapplied the principles of corporate successor liability. Appellant contends that it could not have impliedly assumed the lease because it expressly refused to assume the lease unless certain conditions were satisfied. Appellant relies upon *Philadelphia Electric Co. v. Hercules, Inc.,* 587 F.Supp. 144 (E.D.Pa.1984), *rev'd on other grounds,* 762 F.2d 303 (3d Cir.1985), in support of its position. In *Philadelphia Electric Co.,* the District Court for the Eastern District of Pennsylvania espoused the principle that a successor corporation can effectively avoid the implied assumption of a liability by expressly excluding it from an enumerated list of liabilities that it agreed to assume. Hence, Appellant posits that the terms of the purchase agreement preclude a finding of an implied assumption of the lease.

¶ 12 Appellant essentially denies that it impliedly assumed the lease, and relying on the following facts, further contends that it never intended to assume the lease between Courier and Bird Hill. Despite expressly assuming other liabilities in the purchase agreement with Courier, Appellant did not expressly assume the lease for the property located at 4250 Chambers Hill Road. Instead, Appellant conditioned assignment of the lease upon its approval of the terms and conditions of the lease and upon the success of the subsequent negotiations with Bird Hill. Moreover, although Bird Hill knew of Appellant's tenancy and accepted its rental payments, Courier never obtained written consent from Bird Hill to assign its obligations under the lease to Appellant. Neither Bird Hill nor Courier contested Appellant's account of the facts.

---

**2.** Similarly, we disagree with Appellant's alternative argument that summary judgment was improper on this issue because discovery was still in the preliminary stages. Pursuant to Pa.R.C.P. 1035.2(1), a trial court may grant summary judgment prior to the completion of discovery if additional discovery would not establish an issue of material fact.

Appellant cannot identify any issues of material fact that were raised in either the preliminary stages of discovery or the additional discovery ordered on remand. Moreover, the record discloses that Appellant pursued discovery only after the trial court ordered it. Since the additional discovery did not raise a material issue of fact regarding Appellant's implied assumption of the lease, this argument lacks merit.

¶ 13 Initially, we observe that we are not bound by the decisions of a federal district court even when it applies Pennsylvania law. *Lilley v. Johns–Manville Corp.*, 408 Pa.Super. 83, 596 A.2d 203 (1991). Moreover, in *Philadelphia Electric Co., supra*, the district court did not purport to apply Pennsylvania law for the principle upon which Appellant relies; rather, it cited cases from its sister jurisdictions. *Id.* at 148. Finally, even if we were bound by the district court's supposition drawn from other jurisdictions, the principle for which Appellant cites that case is *dictum* since the court ultimately held that the successor corporation therein assumed liability from its predecessor.

¶ 14 Under Pennsylvania jurisprudence, a successor company is not responsible for its predecessor's liabilities unless one of the following conditions is established: (1) the successor company expressly or **impliedly** agreed to assume the obligations; (2) the transaction was a consolidation or merger; (3) the successor company merely was a continuation of the selling corporation; (4) the transaction was a fraudulent attempt to escape liability; or (5) the transfer lacked adequate consideration and no provisions were made for creditors of the predecessor. *Dawejko, supra; Continental Ins. Co. v. Schneider, Inc.*, 810 A.2d 127 (Pa.Super.2002) (relating to continuation exception). The instant transaction implicates the first condition, *i.e.*, whether Appellant impliedly agreed to assume the lease.

¶ 15 Our review of the case law has not identified an authoritative case addressing an implicit assumption, and other jurisdictions confronting this issue have reached different results. *See In re Hatten Truck & Tractor, Inc.*, 69 B.R. 128 (Bankr. W.D.Mo.1986) (implied assumption of existing lease where successor corporation took physical custody of leased property, used facility in its operations, and paid rent); *cf. Glynwed, Inc. v. Plastimatic, Inc.*, 869 F.Supp. 265 (D.N.J.1994) (successor corporation's payments of certain debts of predecessor did not constitute implied assumption of lease to premises that predecessor had abandoned). *Compare Parker v. Western Dakota Insurors, Inc.*, 605 N.W.2d 181 (S.D.2000) (successor corporation can avoid implied assumption of liability by enumerating liabilities assumed and explicitly excluding liabilities not enumerated).

¶ 16 In determining whether a successor corporation implicitly assumed an obligation of its predecessor, the following factors are relevant: whether the successor's conduct indicated its intention to assume the debt; whether the creditor relied on the conduct and the effect of any reliance; and whether the successor's representatives admitted liability. *See* 15 WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 7124 (perm. ed. rev.vol.1999); Elizabeth A. Dellinger, *Acquisitions of Financially Troubled Companies*, (2002) in PRACTISING LAW INSTITUTE CORPORATE LAW AND PRACTICE COURSE HANDBOOK SERIES (Practising Law Institute ed., 2003). The trial court applied similar factors to the case *sub judice* and summarized its determination as follows:

> This court finds that because [Appellant] occupied the premises, paid rent directly to the landlord and paid the utilities in its own name, maintained the property, and conducted business from the site for eleven months, [it] assumed Courier's lease with Bird Hill farms and is bound by the consequences of its breach of the lease obligations.

Trial Court Opinion, 1/15/03, at 9. The trial court reasoned that under these facts, Appellant was a successor-in-interest to the lease.

¶ 17 Mindful of the above-noted factors and in light of the trial court's express rationale, we affirm the trial court's conclusion. Appellant's conduct toward Bird Hill and the leased premises indicated an intent to assume the lease. Bird Hill relied on Appellant's actions and suffered damages when Appellant abandoned the building without notice. Hence, despite Appellant's assertion to the contrary, it impliedly assumed Courier's obligation under the lease. *See In re Hatten Truck & Tractor, Inc., supra.* As the trial court's findings are supported by undisputed evidence and its legal conclusion is correct, we find that it did not err in entering summary judgment in favor of Bird Hill and against Appellant.

■ ¶ 18 Finally, Appellant contends that Courier remained liable for the rental obligation after Appellant abandoned the property. Appellant asserts that if it is liable to Bird Hill under the lease, it is entitled either to indemnification or contribution from Courier. This argument is predicated upon the presumption that Courier remained primarily liable for the obligation to pay rent under the lease; however, we address these claims in light of our conclusion that Appellant impliedly assumed the lease as a matter of law.

¶ 19 Instantly, the purchase agreement between Courier and Appellant contains an indemnification clause which reads as follows:

Courier and Shareholder each agree to indemnify and hold U.S. Cargo harmless from and against, and will pay U.S. Cargo, the full amount of any loss, claim, damage, liability or expense (including reasonable attorneys' fees) resulting to U.S. Cargo, either directly or indirectly, from any **breach of the representations, warranties, and covenants, of Courier and Shareholder contained in this Agreement.** Any amount due U.S.

Cargo under the aforesaid indemnity shall be due and payable by Courier and Shareholder on demand.

Asset Purchase Agreement, 6/23/95, at 9 (emphasis added). Appellant asserts that Courier violated the purchase agreement by failing to obtain Bird Hill's express consent to assign the lease and then subsequently failing to resume payments after Appellant vacated the property.

¶ 20 The purchase agreement contemplated Courier's assignment of rights and obligations under the lease to Appellant as follows:

As an inducement to U.S. Cargo to enter into this agreement, Courier agrees to assign to U.S. Cargo all of its lease agreements as set forth on Schedule F, attached hereto and made apart hereof. Should assignment require consent of Courier's landlords, Courier agrees to be responsible for obtaining the right and consent of each such landlord. It is further understood that such assignments are subject to U.S. Cargo negotiating lease terms and conditions acceptable to U.S. Cargo counsel. Should U.S. Cargo not choose to assume any of said leases, this shall not give rise to a basis for U.S. Cargo to otherwise terminate this agreement . . . .

*Id.* at 3.

¶ 21 Initially, we observe that despite failing to memorialize its assent in writing, Bird Hill's dealings with Appellant demonstrate its acceptance of Courier's assignment of rights to Appellant. Bird Hill was aware that Appellant occupied the premises and that it conducted its operations from that facility; however, Bird Hill did not invoke its right to terminate the lease for improper assignment or subletting. Instead, Bird Hill accepted rental payments from Appellant for its use of the premises, corresponded with Appellant as

a tenant, and attempted to negotiate an extension of the lease involving substantial improvements to the property. Under these circumstances, the record clearly demonstrates that Bird Hill acquiesced to the assignment. *See Sferra v. Urling,* 328 Pa. 161, 195 A. 422 (1937) (landlord implicitly consented to assignment by recognizing assignee as tenant and accepting rent).

¶ 22 This, however, does not complete our analysis. Where, as here, the lease includes an express covenant to pay rent, an assignment will relieve the lessee of liability for rent only if there is an express release or a release implied by the actions of the lessor other than its mere consent to the assignment or acceptance of rent from the assignee.[3] *See Gale Industries, Inc. v. Bristol Farmers Market & Auction Co.,* 431 Pa. 464, 246 A.2d 391 (1968) (only where lessor agrees to release following assignment of lease, is lessee relieved from obligations contained therein); 49 AMERICAN JURISPRUDENCE 2d ed., LANDLORD AND TENANT §§ 1123, 1126 (implied release demonstrated by facts other than landlord's mere consent to assignment or receipt of rent from assignee).

¶ 23 Instantly, Bird Hill did not expressly release Courier from its underlying liability. Nevertheless, the record demonstrates that Bird Hill implicitly released Courier from its contractual obligations. From the date that U.S. Cargo occupied the leased premises, Bird Hill treated Appellant as the sole lessee and directed all subsequent correspondence relating to the lease, its extension, and the contemplated expansion and improvements to the premises to Appellant. These facts justify our conclusion that Bird Hill impliedly assented to release Courier from its underlying obligations.

¶ 24 Moreover, assuming *arguendo* that Courier remained liable for the rent under *Gale Industries, Inc., supra,* that alone would not trigger the indemnity provision Appellant seeks to invoke since Courier did not breach a representation, warranty, or covenant contained in the purchase agreement. To facilitate the assignment, Courier was required only to obtain Bird Hill's consent, which it did. Although the provision stated that the contemplated assignment was subject to Appellant's ability to negotiate acceptable lease terms, the purchase agreement is silent as to Courier's liability to Appellant if Appellant refused an assignment after occupying the building. Absent a release from Bird Hill, Courier's failure to resume rental payments after Appellant deserted the premises would have been a breach of the lease agreement, but such conduct would not be tantamount to a breach of the purchase agreement. Hence, Appellant has no right to indemnification under the purchase agreement.

¶ 25 Likewise, notwithstanding Bird Hill's putative right to recover from Courier, Appellant has no common law right to indemnity or contribution from Courier. Assuming Courier's continuing liability, Bird Hill could recover its damages either from Appellant as the defaulting tenant or Courier as the assignor in privity of contract. However, Appellant

---

3. The rationale underlying this principle is as follows. An assignment of a leasehold terminates only the privity of estate between lessor and lessee; the privity of contract survives. Hence, the express covenants contained in the lease remain enforceable against the lessee. In contrast, in the absence of a written contract to pay rent, the obligation is dependent only upon the existence of privity of estate. Thus, an assignment of the leasehold premises terminates the privity of estate and the lessee's obligation to pay rent as well. *See* 49 AMERICAN JURISPRUDENCE 2d ed., LANDLORD AND TENANT § 1123.

would have no rights against Courier under these circumstances.

■ ¶ 26 In order to be entitled to common law indemnity, Appellant must be without fault. *See Sirianni v. Nugent Bros., Inc.,* 509 Pa. 564, 506 A.2d 868 (1986) (common-law indemnity is fault-shifting mechanism operable only when defendant held liable by operation of law seeks to recover from defendant whose conduct caused loss). Herein, Appellant is not without fault since it neglected its assumed obligations under the lease by abandoning the property without notice. As such, it is not entitled to indemnification.

■ ¶ 27 Further, Appellant is not entitled to contribution. Contribution is appropriate when one party pays more than their proper share of a common liability. *Brown v. Dickey,* 397 Pa. 454, 155 A.2d 836 (1959); *Walton v. Avco Corp.,* 530 Pa. 568, 610 A.2d 454 (1992). Instantly, there is no common liability between Appellant and Courier. Once Appellant assumed liability for the lease as a matter of law pursuant to *Dawejko,* Courier no longer had an obligation to perform. Hence, Appellant solely is responsible for the entire loss it caused by vacating the property during the lease term.

¶ 28 For all of the foregoing reasons, we affirm the trial court's grants of summary judgment in favor of both Bird Hill and Courier.

¶ 29 Orders affirmed.