J.A13033/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BARBARA SCHADER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RANDOLPH SCHADER, | : | |
| | : | No. 2492 EDA 2013 |
| Appellee | : | |

Appeal from the Order Entered June 20, 2013
In the Court of Common Pleas of Delaware County
Domestic Relations Division No(s).: 94-7374

BEFORE: ALLEN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED FEBRUARY 10, 2015**

Appellant, Barbara Schader ("Wife"), appeals from the order entered in the Delaware County Court of Common Pleas in this equitable distribution case. In her counseled appeal, Wife contends the trial court abused its discretion in refusing to impose sanctions against Appellee, Randolph Schader ("Husband"), for his noncompliance with the court's March 1, 2013 discovery order.[1] She claims the court should have (1) continued the

---

[*] Former Justice specially assigned to the Superior Court.

[1] The discovery order was not a final and appealable order. **See** Pa.R.A.P. 341(b)(1) (stating final order is any order that disposes of all claims and of all parties). On August 27, 2013, the trial court entered the decree in divorce. Our Supreme Court has stated that issues are reviewable after entry of the divorce decree. **Fried v. Fried**, 501 A.2d 211, 215 (Pa. 1985). "Once an appeal is filed from a final order, all prior interlocutory orders are

equitable distribution hearing and (2) imposed a negative inference regarding Husband's financial status. We affirm.

Wife and Husband were married on October 12, 1985, and have four emancipated children. The parties formally separated on August 17, 2007. On March 1, 2013, the court entered the order which is the subject of the instant appeal. The order provided:

1. Counsel for [Husband] shall provide to counsel for [Wife] all documents and information pertaining to the estates of Byron and Gay Schader [("Husband's parents")] and all information contained in or obtained from such documents or information concerning the financial status of the estates of [Husband's parents.]

2. All documents and information produced to [Wife] and her counsel in this litigation pertaining to the estates of [Husband's parents] and all information contained in or obtained from such documents or information concerning the financial status of the estates of [Husband's parents] shall be used by the parties and their counsel only, solely for the preparation, evaluation, negotiation and trial in this divorce action and related proceedings and for no other purpose or publication. Except as provided for in this Order, such documents and information may be disclosed by the parties or their representatives, only to counsel for [Husband], counsel for [Wife], the staff of said counsel and experts and their staff retained or consulted by said counsel in connection with this action, who agree in writing to be bound by this Order provided that said person to whom such documents or information may be disclosed shall not include any relatives and/or friends of [Husband] and/or [Wife].

3. This Order shall be without prejudice to [Wife's] or [Husband's] right to seek discovery, subject to the

subject to review." ***Bird Hill Farms, Inc. v. U.S. Cargo & Courier Service, Inc.***, 845 A.2d 900, 903 (Pa. Super. 2004).

> relevant legal objections and subject to the terms of this Order. This Order shall not be admissible into evidence at any further discovery proceeding expect to the extent necessary to enforce the terms of this Order.
>
> 4. In the event that the terms of this Confidentiality Agreement have allegedly breached, [Husband] may pursue any and all claims as the law may permit.
>
> 6. [sic] This Order is not intended to make the parties guarantors of nondisclosure, but rather, merely to ensure that they act in a reasonable prudent manner and do not disclose such documents or information except in accordance with the terms of this Order.

Order Regarding Confidentiality of Estates of Byron and Gay Schader, 3/4/13, at 1-2 (unpaginated).

The trial court subsequently held an equitable distribution hearing on March 6, 2013. On May 30th, the court entered an equitable distribution order. Wife and Husband filed motions for reconsideration. On June 19th, the court entered an order granting in part and denying in part the motions for reconsideration. On August 26th, the court entered a decree in divorce. On September 30th, Wife filed a notice of appeal.[2] Wife filed a court-

---

[2] We note the docket reflects two notices of appeal were filed on June 26, 2013, within three hours. The certified record contains only one of the notices of appeal. Wife's notice of appeal filed on June 26, 2013 at docket number 1832 EDA 2013 was discontinued.

J. A13033/14

ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[3]

The trial court filed a Rule 1925(a) opinion.

Wife raises the following issue for our review:

> A: Whether the Trial Court Abused Its Discretion In Refusing To Impose Sanctions Against [Husband] When [Husband] Intentionally Refused To Comply With The Trial Court's Discovery Order Directing Him To Provide Financial Documents Regarding The Estates Of His Deceased Parents And [Wife] Was Severely Prejudiced As A Result Of Said Refusal.

Wife's Brief at iv.

As a prefatory matter, we consider whether Wife waived the issue raised on appeal based upon her Rule 1925(b) statement. The trial court opined:

---

[3] We note that on September 13, 2013, without first obtaining leave of court, Wife filed an amended statement of errors complained of on appeal. Rule 1925(b)(2) provides:

> Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

Pa.R.A.P. 1925(b)(2). Because the amended Rule 1925(b) statement is virtually identical to the court-ordered Rule 1925(b) statement, any issue of compliance with Rule 1925(b)(2) is of no moment.

> [T]he Statement of Errors is fifteen pages long. An in depth review of this document reveals that the first three pages, or paragraphs 1-24, are a recitation of the background of the parties' marriage, married life, and current residences. . . . This [c]ourt believes . . . that the Statement of Errors submitted by [Wife] impedes this [c]ourt's ability to properly respond to the allegation of error.
>
>       \*    \*    \*
>
> [Wife's] fifteen-page Rule 1925(b) Statement included sixty-six (66) issues that it purportedly sought to raise on appeal once this [t]rial [c]ourt waded through the first three pages, or paragraphs 1-24 of factual recitations of the case. Additionally, we note that many of the issues identified by [Wife] also included sub-issues.
>
>       \*    \*    \*
>
> **[Wife] has deliberately circumvented the meaning and purpose of Rule 1925(b)** by raising such a voluminous amount of issue of error and has effectively precluded appellate review of the issues she now seeks to raise.
>
> In this case, [Wife] presented sixty six or more issues for her appeal. This has forced this [c]ourt to guess which issue [Wife] is actually pursuing on appeal. . . .
>
>       \*    \*    \*
>
> Based upon the Statement of Errors presented to this [c]ourt by [Wife], the [c]ourt is unable to provide a comprehensive analysis of the issues presented to this [c]ourt. **Due to the preposterous number of issues identified by [Wife] for this [c]ourt to address all sixty six (66) issues would impeded [sic] the ability of this [c]ourt's [sic] to undertake a meaningful review of the issues raised on appeal.** Accordingly, the Superior Court must conclude that [Wife] has failed to preserve any of her issues for appellate review.

Trial Ct. Op., 9/17/13, at 2, 5, 6, 8 (emphasis added).

In **PHH Mortg. Corp. v. Powell**, 100 A.3d 611 (Pa. Super. 2014), this Court declined to quash the appeal based upon a prolix Rule 1925(b) statement. **Id.** at 614. This Court reasoned:

> The [*pro se* appellants'] Rule 1925(b) statement fails in most respects to comply with the requirements of the Rule, including, most notably, that it is not concise. The [appellants'] Rule 1925(b) statement includes 40 separate paragraphs and is 10 pages in length. As such, the [appellants] plainly made no attempt to winnow appropriate issues for appeal. On the other hand, Rule 1925(b)(4)(iv) provides that "the number of errors raised will not alone be grounds for finding waiver." Pa.R.A.P. 1925(b)(4)(iv). Moreover, in **Eiser v. Brown & Williamson Tobacco Corp.**, . . . 938 A.2d 417 ([Pa.] 2007), our Supreme Court instructed that with respect to lengthy Rule 1925(b) statements, **no violation is sufficient to find waiver of issues unless the trial court finds that the appellant acted in bad faith**. **Id.** at 420–21.

**Id.** (emphasis added).

In the case *sub judice*, the trial court found that Wife acted in bad faith by deliberately circumventing Rule 1925(b) in raising a preposterous number or issues impeding the ability of the court to undertake any meaningful review of the issues.[4] Therefore, pursuant to **PHH Mortg.**, the issue is waived. **See id.**

---

[4] The trial court also opined that this appeal should be quashed. Trial Ct. Op. at 8. The Pennsylvania Supreme Court stated:

> An appeal is "quashed" when the court lacks jurisdiction over the appeal in the first instance. When the appellant has failed to preserve issues for appeal, the issues are

We further find Wife has waived her claim for non-compliance with Rule 2119, which provides:

> **(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (**see** Rule 2132) (references in briefs to the record).

**See** Pa.R.A.P. 2119(c).

The Rules of Appellate Procedure require a petitioner to set forth the location in the record where the issue was raised and preserved below. **See** Pa.R.A.P. 2117(c) (requiring statement of case in appellate brief to identify place and manner in which issues were raised and preserved below), 2119(e) (requiring argument in appellate brief to identify where issues were raised below). "Failing to direct this Court to specific portions of the record in support of an argument violates Pa.R.A.P. 2119(c) [and for] that reason alone, we could conclude this issue is waived." **Commonwealth v. Fransen**, 42 A.3d 1100, 1107 n.11 (Pa. Super. 2012), *appeal denied*, 76

---

waived, and the lower court's order is more properly "affirmed."

**In re K.L.S.**, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (citations omitted). "As an appellate court, we may uphold a decision of the trial court if there is any proper basis for the result reached; thus we are not constrained to affirm on the grounds relied upon by the trial court." **Nationwide Mut. Ins. Co. v. Fleming**, 924 A.2d 1259, 1269 n.5 (Pa. Super. 2007), abrogated on other grounds, **Gillard v. AIG Ins. Co.**, 15 A.3d 44 (Pa. 2011).

A.3d 538 (Pa. 2013);[5] *see also Commonwealth v. Briggs*, 12 A.3d 291, 343 (Pa. 2011) ("The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.").

Wife states that her counsel requested "a continuance until [Husband] could be compelled to comply with the discovery order." Wife's Brief at 4. In support, she cites, "*See* Transcript of March 6, 2013 Hearing." *Id.* Wife avers that in her Proposed Findings of Fact and Conclusions of Law, she requested the court to "impose a negative inference that the estates of [Husbands' parents] were collectively valued at $27 million to $30 million and that [Husband] had inherited half of those estates." *Id.* In support, she cites, *See* Transcript of March 6, 2013 Hearing; and Appellant's Proposed Findings of Fact and conclusions of Law at ¶¶ 66, 97.[6] *Id.*

---

[5] We note "[s]ince the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." *Lineberger v. Wyeth*, 894 A.2d 141, 148 n.4 (Pa. Super. 2006)(citation omitted).

[6] We note there is no docket entry for Appellant's Proposed Findings of Fact and Conclusions of Law. The reproduced record includes the Proposed Findings of Fact, however, it is not signed or time stamped. This is of no moment because Wife did not file a motion for sanctions. *See infra*.

Neither paragraph 66 nor paragraph 97 refers to the filing of a motion for sanctions before the trial court. **See infra**.

The notes of testimony from the March 6th hearing comprise 499 pages. "[I]t is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review." **Schultz v. MMI Prods**., 30 A.3d 1224, 1230 (Pa. Super. 2011).

Wife has not referred to the specific portions of the notes of testimony in support of her claim that the court should have imposed sanctions against Husband for failure to comply with the discovery order either in her statement of the case or in the argument section of the brief. Therefore, the issue is waived. **See** Pa.R.A.P. 2117(c), 2119 (c), 2119(e); **Fransen**, 42 A.3d at 1109 n.1; **Schultz**, 30 A.3d at 30.

Finally, we hold Wife has waived her claim concerning the court's alleged refusal to impose sanction because she did not file a motion for sanctions pursuant to Pa.R.C.P. 4019.

In **Cove Centre, Inc. v. Westhafer Const., Inc.**, 965 A.2d 259 (Pa. Super. 2009), this Court addressed the issue of whether the trial court could impose sanctions without convening oral argument in accordance with Pa.R.C.P. 208.3 and 4019. **Id.** at 263.

Rule 208.3 provides:

> (a) Except as otherwise provided by subdivision (b), the court shall initially consider a motion without written

> responses or briefs. For a motion governed by this subdivision, **the court may not enter an order that grants relief to the moving party unless the motion is presented as uncontested or the other parties to the proceeding are given an opportunity for an argument.**

Pa.R.C.P. 208.3(a) (emphasis added).

Rule 4019 provides:

> (a)(1) The court may, **on motion**, make an appropriate [sanctions] order if
>
>       \*     \*     \*
>
> (viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

Pa.R.C.P. 4019(a)(1)(viii) (emphasis added).

This Court in **Cove** "conclude[d] that both Rule 208.3 and Pa.R.C.P. 4019 effectively mandate oral argument whenever a discovery motion is neither uncontested nor facially meritless." **Cove**, 965 A.2d at 263.

In the case **sub judice,** Wife did not file a motion for sanctions, consequently there was no hearing. Therefore, the court could not impose sanctions. **See id.**

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015