J-A26012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HERBERT, ROWLAND AND GRUBIC, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT D. TELLISH | |
| Appellant | No. 385 MDA 2017 |

Appeal from the Order Entered February 2, 2017
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2013-CV-4193-CV

BEFORE:  BOWES, OLSON, AND RANSOM, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 15, 2018**

Defendant/Appellant Robert D. Tellish appeals from the order awarding $130,873.06 in damages to Plaintiff/Appellee Herbert, Rowland and Grubic, Inc. ("Herbert").  Damages were awarded after summary judgment as to liability was entered against Tellish on August 8, 2016.[1]  We affirm.

_____

[1] Herbert suggests that this appeal is untimely since Tellish did not file an appeal from the August 8, 2016 order. That order entered summary judgment only on the issue of liability, and damages were not yet decided after its entry.  As the order in question was not final as to all issues before the trial court, the remaining issue being the question of how much to award Herbert, it was not a final appealable order. ***See Bolmgren v. State Farm Fire & Cas. Co.***, 758 A.2d 689 (Pa.Super. 2000).  This appeal was from the final order entering a damages award, and Tellish is permitted to challenge the propriety of any prior interlocutory orders, including whether summary judgment was properly granted as to liability. ***Regis Ins. Co. v. All Am. Rathskeller, Inc.***, 976 A.2d 1157, 1162 n.9 (Pa.Super. 2009)
*(Footnote Continued Next Page)*

On May 14, 2013, Herbert instituted this action against Tellish seeking damages for breach of contract and injunctive relief. Herbert is a Pennsylvania corporation providing these services on a statewide basis: engineering and other professional services, including surveying, water resources, land development, oil and gas, and transportation and environmental services. Tellish was employed by Herbert from April 21, 2008, until October 8, 2012, when he voluntarily resigned. While employed, Tellish served as the Land Development Regional Service Group Manager and then Director of Oil and Gas in Herbert's Pittsburgh office, which is located in Cranberry Township.

As a condition of becoming Herbert's employee, Tellish executed an April 16, 2008 agreement containing, *inter alia*, a non-solicitation clause that had an associated liquidated damages provision. The non-solicitation clause prohibited Tellish from directly or indirectly soliciting any person who had been employed by Herbert during the twelve-month period preceding Tellish's separation from service with Herbert. After Tellish left Herbert, he began to work for Larson Design Group ("Larson"), an engineering company

(*Footnote Continued*) ————————————

("Interlocutory orders not subject to immediate appeal as of right may be reviewed in a subsequent appeal of a final appealable order or judgment."); **Bird Hill Farms, Inc. v. United States Cargo & Courier Service, Inc.**, 845 A.2d 900, 903 (Pa.Super. 2004) ("Once an appeal is filed from a final order, all prior interlocutory orders are subject to review.").

and direct competitor of Herbert. Tellish established and became manager of an office in Cranberry Township for Larson, which, prior to Tellish's employment with it, had no presence in the Pittsburgh area.

Herbert's position in this lawsuit was that, after Tellish opened the Pittsburgh office for Larson, he violated the non-solicitation agreement by indirectly or directly recruiting seven employees of Herbert to work for Larson in the Pittsburgh area. Two of the employees were directly supervised by Tellish when Tellish worked for Herbert, and all were employed by Herbert within the twelve months preceding Tellish's termination of employment.

In response to the complaint, Tellish filed an answer, new matter, and counterclaim. In the counterclaim, Tellish averred that he did not receive a bonus compensation award that he earned as outlined in a June 6, 2011 compensation plan agreement. Herbert responded to the counterclaim, and, after the pleadings were closed, the trial court entered a March 20, 2015 scheduling order,[2] which set forth that the deadline for completing discovery was May 5, 2015, the deadline for dispositive motions was May 20, 2015, and trial was scheduled for the September 2015 trial term.

---

[2] Tellish originally was represented by counsel, whom Tellish fired, and, after advising Tellish to seek new legal representation, counsel withdrew with Tellish's consent in January 2015. Tellish was thereafter served personally with all court filings.

On May 20, 2015, Herbert filed a motion for summary judgment. Accompanying documents established that, at his deposition, Tellish admitted that he executed the agreement containing the non-solicitation clause, and that, after he left Herbert to work for Larson, seven other Herbert employees began to work for Tellish's new employer, including two men who had been under Tellish's direct supervision while he was working for Herbert. Herbert also produced deposition testimony indicating that Tellish had indirectly solicited those employees to work for Larson. As to Tellish's counterclaim, Herbert provided documentation that Tellish had been paid the bonus compensation in conformity with the terms of the bonus incentive program. On September 9, 2015, Herbert filed a brief in support of the motion for summary judgment. Appellant, although served with both the motion and the brief, filed nothing in response.

The parties then agreed to mediate this matter. Mediation proved unsuccessful, and, nearly one year later, on June 17, 2016, Herbert filed a certificate of readiness, asking that its motion for summary judgment be resolved. Appellant was served with the certificate of readiness, but continued to ignore the motion for summary judgment. On August 8, 2016, Herbert was granted summary judgment as to the question of Tellish's liability to Herbert for violation of the non-solicitation agreement as well as its liability to Tellish for the bonus. Appellant received a notice of the August 8, 2016 order.

On August 23, 2016, Herbert moved for a hearing, which was scheduled for December 15, 2016. Three days before that proceeding, Tellish filed a *pro se* document entitled "Defendants [sic] Brief for Determination of Damages," which Herbert moved to strike. While the title of that document indicated that it would relate to damages, Tellish's argument therein was confined to whether summary judgment as to liability had been properly entered on August 8, 2016, and his attached documentation, which consisted of deposition testimony of his Larson business associates who had worked with him at Herbert, also pertained to that question. At the hearing, the trial court refused to entertain Appellant's proffered evidence revisiting the liability issues resolved in the August 8, 2016 summary judgment ruling.

Herbert then requested the award of liquidated damages outlined in the agreement for breach of the non-solicitation clause. Herbert also demanded attorney fees and costs, which were permitted under the contract, that Herbert incurred in this lawsuit to enforce the accord. Based upon the outlined terms of the liquidated damages clause and Herbert's submission of billing statements from its attorney, the trial court awarded

liquidated damages of $92,000, and attorney fees and costs of $38,873.06,[3]

for a total of $130,873.06.[4]   This appeal followed.   Tellish raises these

contentions on appeal:

> A. Did the lower court wrongfully grant the employer's motion for summary judgment where there existed material disputed facts that should have been presented to a trier of facts?
>
> B. Whether the trial judge abused its discretion and committed an error of law in denying the Appellant from presenting salient evidence during the hearing and newly discovered evidence?

Appellant's brief at 6.

The trial court can enter summary judgment when the record

"demonstrates that there is no genuine issue of material fact and that the

moving party is entitled to judgment as a matter of law." ***Truax v.***

***Roulhac***, 126 A.3d 991, 996 (Pa.Super. 2015) (citation omitted). Our

standard of review of a court's grant of a motion for summary judgment is

well settled. "[A]n appellate court may reverse a grant of summary

judgment if there has been an error of law or an abuse of discretion.   But

_____

[3] The trial court did not award Herbert any attorney fees associated with its defense of Tellish's counterclaim, and confined its award to only those fees incurred to enforce the non-solicitation clause.

[4] The original damages award was entered on February 2, 2017, and Appellant filed a timely appeal on March 2, 2017.  The February 2, 2017 order contained an additional error in that it indicated that the total award was $124,873.06, and, on February 10, 2017, the damages award was amended to reflect the correct amount.

the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals." **Id**.

Two rules of civil procedure relating to the grant of summary judgment are implicated in this appeal. First, Rule 1035.2 states:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> > (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
> >
> > (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. Next, Rule 1035.3, which outlines the nonmoving party's obligation to respond once a motion for summary judgment has been filed, provides in relevant part:

> (a) Except as provided in subdivision (e), **the adverse party** may not rest upon the mere allegations or denials of the pleadings but **must file a response within thirty days after service of the motion** identifying
>
> > (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge

to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

. . . .

(d) **Summary judgment may be entered against a party who does not respond.**

(e)(1) Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced. A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion.

. . . .

Pa.R.C.P. 1035.3(a), (d), and (e) (emphases supplied).

Tellish first maintains that there were disputed issues of material fact that should have been resolved by a trier of fact when the summary judgment was granted. We disagree. Herbert's motion for summary judgment had attached excerpts from deposition testimony establishing that Tellish breached the non-solicitation agreement. Tellish never responded to that motion at any point between its May 20, 2015 filing and August 8, 2016 grant, and cannot *ex post facto* create the existence of material facts by presenting contrary proof that he did not provide to the trial court in a timely manner, which leads to resolution of his second position.

Specifically, Appellant faults the trial court for refusing to consider the deposition testimony that he presented from his co-workers from Larson

who were employed at Herbert with him, and to revisit the August 8, 2009 ruling against him on the issue of liability. We note that this proof was not submitted until December 12, 2016, over four months after summary judgment was granted, and nineteen months after it was requested. As we articulated in *Devine v. Hutt*, 863 A.2d 1160, 1169 (Pa.Super. 2004) (citations omitted):

> Rules 1035.2 and 1035.3 of the Pennsylvania Rules of Civil Procedure place a duty upon the non-moving party to respond to a motion for summary judgment. Rule 1035.3(d) allows the court to enter judgment against a party who fails to respond to a motion for summary judgment, although the rule is not mandatory. Nevertheless, arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal.

*Id*.

*Devine* relied upon *Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship*, 764 A.2d 1100 (Pa.Super. 2000), where we held that the two rules in question impose a clear duty on the nonmoving party to respond to a request for summary judgment. While the *Harber* Court agreed that Pa.R.C.P. 1035.3 does not require the trial court to grant summary judgment, we concluded that the rule confers upon the trial court the discretionary power to do so. This Court found that, when a party neglects to raise grounds for relief in opposition to the grant of summary judgment, that party cannot complain that the trial court erred in disregarding that basis for refusing to grant summary judgment.

In this case, the motion was filed on May 20, 2015, and Appellant did not respond to it. Herbert's brief was filed on September 9, 2015, and Appellant ignored it. Over one year later, on June 17, 2016, after mediation failed, Herbert asked for a decision on the merits of the summary judgment. Appellant filed nothing. The motion was granted August 8, 2016. Appellant disregarded its entry. Four months later, just days before the hearing on damages, Appellant decided that he should be able to contest the grant of summary judgment by presenting countervailing evidence as to his solicitation of ex-employees of Herbert to come and work with him at Larson. Appellant had a full and fair opportunity to supplement the record and to oppose the motion. He chose to completely disregard every filing on the issue from May 20, 2015, to December 12, 2016. Hence, we conclude that the trial court did not abuse its discretion in refusing to consider supplemental materials as to liability presented by Appellant on December 12, 2016, when the sole issue before the court by that time related to damages.[5]

_____

[5] While we recognize that Appellant was proceeding *pro se* when the motion was filed, and he emphasizes his *pro se* status in seeking relief from his plight by this court, we have clearly indicated that a "*pro se* litigant is not absolved from complying with procedural rules." **Hoover v. Davila**, 862 A.2d 591, 595 (2004) (citing **Jones v. Rudenstein**, 585 A.2d 520, 522 (Pa.Super. 1991)). While *pro se* pleadings are to be liberally construed, Tellish never filed a *pro se* answer to the summary judgment motion. Therefore, there was nothing to construe liberally.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>02/15/2018</u>